**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dedrick Lavergne, | No. CV-23-00684-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Pinnacle Apartments SPE LLC, et al., | |
| Defendants. | |

Defendants E Union Hills AZ Partners, LLC and Cortland Management, LLC (collectively, "Removing Defendants") have failed to properly allege facts establishing that this Court has subject-matter jurisdiction, and therefore this action is remanded to Maricopa County Superior Court.

**BACKGROUND**

On June 13, 2022, Plaintiff initiated this action in Maricopa County Superior Court. (Doc. 1-3 at 6.)

On April 24, 2023, Removing Defendants removed this action on diversity grounds. (Doc. 1 at 1-2.)

On April 26, 2023, Magistrate Judge Metcalf issued an order to show cause which noted that "an LLC is a citizen of every state of which its owners/members are citizens" and that Removing Defendants failed to affirmatively allege the citizenship of their own members. (Doc. 5 at 2.) Removing Defendants were ordered to show cause by May 9, 2023 "why this case should not be remanded to state court based on a lack of subject matter

jurisdiction due to an absence of diversity of citizenship." (*Id.* at 3.)

On May 9, 2023, Removing Defendants filed a response to the order to show cause. (Doc. 13.)

**DISCUSSION**

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

An LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, *the citizenship of all of the members must be pled.*" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016) (emphasis added). To plead the citizenship of an LLC's members, the proper legal standard must be used for each one—"the place of domicile for members who are natural individuals, the place of incorporation and principal place of business for members that are corporations, and, if any of its members are LLCs, the citizenship of each of the member LLC's members must be alleged, again using the proper legal standards."

*Hoemke v. Macy's W. Stores LLC*, 2020 WL 5229194, *2 n.4 (D. Ariz. 2020).

An individual's state of domicile is "her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter,* 265 F.3d at 858-59.

Here, the jurisdictional allegations in the notice of removal, in their entirety, are as follows:

> E Union Hills AZ Partners, LLC is a real estate investment company with a primary domiciled in Delaware according to the entity information, Entity ID 23058429 on file with Arizona Corporate Commission. Cortland Management, LLC is a real estate management company with a primary domiciled in Texas according to the entity information, Entity ID R13360450 on file with Arizona Corporate Commission.

(Doc. 1 at 1 n.1.)

As noted in the order to show cause, these allegations fail to establish the citizenship, for diversity jurisdiction purposes, of the Removing Defendants because they do not identify the Removing Defendants' members and allege the citizenship of those members. (Doc. 5 at 2.)

Removing Defendants' response to the order to show cause sets forth the legal standard for establishing the citizenship of an LLC for diversity purposes, noting that "[w]here members of an LLC are themselves entities, courts have adopted a 'complete upstream analysis' to determine the citizenship of that member entity." (Doc. 13 at 2.)

Nevertheless, Removing Defendants fail to provide adequate jurisdictional facts. According to the response, the "sole managing member" of E Union Hills AZ Partners, LLC is E. Union Hills AZ Investors, LLC. However, Removing Defendants fail to identify the members of E. Union Hills AZ Investors, LLC or to provide citizenship information regarding those members. Thus, the citizenship of Defendant E Union Hills AZ Partners, LLC remains unknown.

As to Cortland Management, LLC, the response to the order to show cause asserts that its "sole member and manager is Cortland L. Logue Jr., who resides in Austin, Texas." But to the extent an LLC's member is a natural citizen, an allegation as to his or her "state of *residence* will not suffice." *Cartessa Aesthetics LLC v. Aesthetics Biomedical Inc.*, 2019

WL 6875379, *1 (D. Ariz. 2019). "It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 858-59 (9th Cir. 2001) (emphasis added) (citations omitted). *See also id.* ("In this case, neither Plaintiffs' complaint nor [Defendants'] notice of removal made any allegation regarding Plaintiffs' state citizenship. Since the party asserting diversity jurisdiction bears the burden of proof, [Defendants'] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction."). Thus, the citizenship of Defendant Cortland Management, LLC remains unknown.

There is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).[1] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

Removing Defendants failed to establish jurisdictional facts in the notice of removal and subsequently failed to establish those facts in their response to the order to show cause. These failures suggest that the Court lacks subject-matter jurisdiction such that the case must be remanded.

---

[1] The "strong presumption" against removal in "mine-run diversity cases" was not altered by *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81 (2014), which addressed removal of class actions under the Class Action Fairness Act. *Dart*, 574 U.S. at 89; s*ee also Johnson v. Twin City Fire Ins. Co.*, 2015 WL 1442644, *2 n.2 (D. Ariz. 2015).

Accordingly,

**IT IS ORDERED** that this action is remanded to Maricopa County Superior Court.

Dated this 6th day of June, 2023.

	Dominic W. Lanza
	United States District Judge